# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER NOVELL MCCAULEY,       )
                                   )
            Petitioner,            )
                                   )
      v.                           )        1:17CV666
                                   )        1:13CR423-1
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 53; see also Docket Entry 54 (Memorandum in Support)), as well as his "Amended and Supplemental Motion" under Section 2255 ("Amended Section 2255 Motion") (Docket Entry 59).[1] For the reasons that follow, the Court should deny the instant Motions.

## INTRODUCTION

This Court (per now-Chief United States District Judge Thomas D. Schroeder) entered a Judgment against Petitioner imposing, inter alia, a prison term of 110 months, upon his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entry 34; see also

_____

[1] Parenthetical citations refer to Petitioner's criminal case.

Docket Entry 1 (Indictment); Docket Entry 20 (Plea Agt.); Docket Entry 43 (Plea Hrg. Tr.); Docket Entry 46 (Sent'g Hrg. Tr.).) The United States Court of Appeals for the Fourth Circuit affirmed, United States v. McCauley, 639 F. App'x 205 (4th Cir. 2016), and the United States Supreme Court denied certiorari, McCauley v. United States, ___ U.S. ___, 137 S. Ct. 242 (2016). Petitioner then timely filed his instant Section 2255 Motion (Docket Entry 53; see also Docket Entry 54 (Memorandum in Support)), the United States responded (Docket Entry 57), and Petitioner replied (Docket Entry 58). On August 15, 2019, Plaintiff submitted his Amended Section 2255 Motion seeking relief under Rehaif v. United States, __ U.S. ___, 139 S. Ct. 2191 (2019) (Docket Entry 59), as to which the United States responded (Docket Entry 60), and Petitioner replied (Docket Entry 62).

DISCUSSION

Via the Section 2255 Motion, Petitioner has asserted two grounds for relief:

1) "[Petitioner] was denied the effective assistance of [trial] counsel during sentencing and as a result of counsel's failure to propound necessary objections/challenge for [Petitioner's] sentence" (Docket Entry 53, ¶ 12(Ground One) (standard capitalization applied); see also Docket Entry 54 at 7-10 (setting forth supporting facts and argument)); and

2

2) "[Petitioner's] direct appeal counsel was ineffective for failing to raise the [Presentence Investigation Report ('PSR')] objections/challenge the lab report" (Docket Entry 53, ¶ 12(Ground Two) (standard capitalization applied); see also Docket Entry 54 at 11-12 (providing supporting facts and argument)).

Petitioner's Amended Section 2255 Motion brings two additional grounds for relief (both under Rehaif):

3) "Petitioner is constructively innocent of violating 18 U.S.C. § 922(g)(1) because the Gov[ernmen]t has failed to meet all of its elements burden" (Docket Entry 59 at 3 (standard capitalization applied)); and

4) "Petitioner's guilty plea is invalid and must be withdrawn" (id. at 8 (standard capitalization applied)).

Ground One

Ground One of the Section 2255 Motion states that Petitioner's trial counsel rendered ineffective assistance by "fail[ing] to propound necessary objections/challenge for [Petitioner's] sentence." (Docket Entry 53, ¶ 12(Ground One) (standard capitalization applied); see also id., ¶ 12(Ground One)(a) (referring reader to Petitioner's Memorandum in Support for "[s]upporting facts").) In turn, Petitioner's Memorandum in Support provides the following supporting facts:

> [Petitioner] claim[s] that prior to sentencing he "informed" [trial] counsel [] that the 25 grams of cocaine base that were seized by Rowan County Sheriff

3

Office "were not a controlled substance"[ and] . . . that
he "instructed" [trial counsel] to "object" [to] the
[PSR] four levels enhancement, "challenge" the lab
reports identifying the 25 grams of cocaine based [sic]
and the recommended four level enhancement that were
[sic] added under USSG 2k2.1(b)(6)(B).

The facts of [Petitioner]'s 25 grams of "alleged" cocaine
base were not tested: such as reagent color test,
microcrystalline analyses and ultraviolet visualization
by a custodial chemist, or notarial jurat certificate of
analysis exists, nor did a secondary chemist run it
through the CG/MS machine to determine it [sic] substance
were known to [trial] counsel or should have been prior
to sentencing. Minimally a competent first year law
student would have challenge [sic] the lab reports
identifying the substance that were size [sic],
recognized and presented objections to [Petitioner]'s
four base offense level enhancement in the PSR and argue
the same at sentencing.

Simply put, no drug evidence in Rowan County Sheriff's
Office is immune from being tampering [sic] with, or
compromised. Indeed, if the controlled substance in this
case were consumed, altered or destroyed in any way, the
Government's 2k21(b)(6)(B) enhancement against
[Petitioner] would have crumbled.

(Docket Entry 54 at 8-9 (internal parenthetical citation omitted).)

According to Petitioner:

[Trial c]ounsel was constitutionally deficient:

    (1) For failing to file a [sic] objection to
[Petitioner's] four base offense level enhancement in the
PSR, were [sic] added to the fact that the firearm was
used in connection with another felony offense
(Possession with Intent to Sell/Deliver Cocaine),
pursuant to USSG 2k2.1(b)(6)(B).

    (2) For failing to challenge the lab reports
identifying the 25 grams of cocaine based [sic] that were
seized by Rowan County Sheriff Officer.

4

>     (3) For failing to articulate the same objection to
> [Petitioner's] recommended four level enhancement that
> were [sic] added.

(Id. at 8.)  Based on those alleged deficiencies by trial counsel,

Petitioner has further contended as follows:

> Had [trial c]ounsel properly developed and presented
> "objections" and "challenges" [to Petitioner]'s four
> levels that were added due to the fact that the firearm
> was used in connection with another felony offense
> (Possession with Intent to Sell/Deliver Cocaine),
> pursuant to USSG 2k2.1(b)(6)(B), there is a reasonable
> probability that the Court would have sustained those
> objections. . . .
>
> This findings [sic] would have reduced the advisory
> guidelines sentencing parameters – from 110 to 120
> months['] imprisonment under the 2k2.1(b)(6)(B)
> enhancement – . . . to 77-96 months' imprisonment. Thus,
> [trial] counsel's deficient performance described herein,
> resulted in a longer term of imprisonment and is
> prejudicial within the meaning of [Strickland] . . . .

(Id. at 10.)  Petitioner's arguments miss the mark.

Petitioner possessed a federal constitutional right to

effective assistance of counsel in his federal criminal case.  See

U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14

(1970). To make out an ineffective assistance claim, Petitioner

must show that his counsel's performance fell below a reasonable

standard for defense attorneys and that prejudice resulted.  See

Strickland v. Washington, 466 U.S. 668, 687–94 (1984).

"Surmounting Strickland's high bar is never an easy task. . . .

[T]he standard for judging counsel's representation is a most

deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011)

(internal quotation marks omitted); see also United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) ("To meet th[e prejudice] element of an ineffective assistance claim, [the defendant] would have to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the result of the proceeding was fundamentally unfair or unreliable." (internal quotation marks omitted)).

The United States Sentencing Guideline applicable to felon-firearm offenses provides for a four-level increase to a defendant's base offense level if the district judge finds by a preponderance of the evidence that the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B).[2] The enhancement serves "to punish more severely a defendant who 'commits a separate felony offense that is rendered more dangerous by the presence of a firearm.'" United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (quoting United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003)). Section 2K2.1(b)(6)(B) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia[,] . . . because the presence of the firearm has the potential of

---

[2] Citations to the Sentencing Guidelines hereinafter refer to the 2013 edition, which Petitioner's PSR uses (see Docket Entry 32, ¶ 12).

facilitating another felony offense." U.S.S.G. § 2K2.1, cmt.
n.14(B).

Prior to Petitioner's sentencing hearing, Petitioner submitted
pro se objections to the PSR (Docket Entry 21) which, as relevant
to his instant Motions, contended that "there was never a lab
report with the accurate drug quantity" (id. at 3 (emphasis added))
and that "factual information [wa]s needed befor [sic] a [sic]
enhancement can be impose [sic]" (id.). In Petitioner's Sentencing
Memorandum, his trial counsel indicated that she had "notified U.S.
Probation of [Petitioner]'s objections to the [PSR]," characterized
those objections as "factual disputes that have no impact on
[Petitioner's] guideline range," and noted that the objections
"ha[d] been addressed in the revised [PSR]." (Docket Entry 33 at
2; see also Docket Entry 32, ¶ 6 (reflecting notation in PSR that
"[n]o lab tests results were available to provide the accurate
amount of cocaine base seized from [Petitioner]" (emphasis
added)).) Trial counsel further reported that Petitioner
"acknowledge[d] that any amount of cocaine qualifies as a felony
for purposes of U.S.S.G. §[ ]2K[2].1(b)(6)(B)." (Docket Entry 33
at 2 (emphasis added).)

Consistent with the foregoing facts, at sentencing, when the
district judge asked if Petitioner had any objections to the PSR,
Petitioner's trial counsel responded that she had "outlined a
couple of . . . discrepancies, but [] w[as] able to resolve them

7

with [the U.S. Probation Officer who] just recited [Petitioner]'s position as to each of th[e objections], and [Petitioner and his trial counsel] [we]re satisfied with that; and so there would be no outstanding objections to the [PSR]." (Docket Entry 46 at 3.) The district judge then "adopt[ed] the [PSR] without any change" (id.) and noted that, under the advisory guidelines, Petitioner's "total offense level [wa]s 25[, h]is criminal history category [wa]s VI[, and h]is guideline range [wa]s 110 to 120 months" (id. at 4). Petitioner's trial counsel thereafter confirmed that the district judge recited "the proper guideline calculations." (Id.)

As outlined above, in his instant Section 2255 Motion, Petitioner appears to have shifted his strategy from one decrying the lack of a lab report confirming the quantity of cocaine base seized to one faulting his trial counsel for not challenging the absence of a lab report confirming the identity of the substance in question. (Compare Docket Entry 21 at 3, Docket Entry 32, ¶ 6, and Docket Entry 33 at 2, with Docket Entry 54 at 8, 9, and Docket Entry 58 at 4, 5, 6, 10.) Petitioner's argument falters, because application of Section 2K2.1(b)(6)(B) does not depend on whether the substance in question actually constituted cocaine base or some other imitation substance. As stated above, Section 2K2.1(b)(6)(B) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," U.S.S.G. § 2K2.1, cmt. n.14(B),

8

and North Carolina law makes it a felony to possess with intent to distribute a "counterfeit controlled substance," N.C. Gen. Stat. § 90-95(a)(2) (declaring it unlawful "[t]o . . . possess with intent to sell or deliver, a counterfeit controlled substance"); N.C. Gen. Stat. § 90-95(c) (providing that "any person who violates [Section] 90-95(a)(2) shall be punished as a Class I felon").

Moreover, "an offense can serve as the basis for th[at] enhancement . . . 'regardless of whether a criminal charge was brought, or a conviction obtained.'" Johnson v. United States, Nos. 7:15CR54, 7:17CV236, 2019 WL 8012371, at *9 (E.D.N.C. July 1, 2019) (unpublished) (quoting U.S.S.G. § 2K2.1, cmt. n.14), recommendation adopted, 2020 WL 261754 (E.D.N.C. Jan. 17, 2020) (unpublished); see also United States v. Northington, 519 F. App'x 795, 796 (4th Cir. 2013) ("[The defendant] argu[es] that the district court erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2011) based on the dismissed counts. We disagree."). Therefore, uncharged conduct or conduct charged in dismissed counts properly may factor into Guidelines' calculations as "relevant conduct." United States v. Richardson, 724 F. App'x 193, 195 (4th Cir. 2018); see also United States v. Hayes, 322 F.3d 792, 802 (4th Cir. 2003). Here, the PSR reflects that:

> • on the same day as Petitioner's arrest, the officers conducted a "knock and talk" at the residence identified in an anonymous tip as

involving Petitioner's drug dealing, and "[t]he residents admitted to purchasing drugs from [Petitioner] that same day, as well as on past occasions" (Docket Entry 32, ¶ 8); and

- officers found the gun in question in the center console of Petitioner's vehicle (which matched the description and bore the same license plate as the vehicle described in the anonymous tip (see id., ¶ 4)), as well as "[a] plastic bag containing approximately 25 grams of cocaine base . . . wedged in [Petitioner]'s buttocks[,] . . . $713 in U.S. currency, .40 caliber ammunition, and a holster" (id., ¶ 6).[3]

That evidence of the firearm's "close proximity" to either an actual or a counterfeit controlled substance sufficiently established that "the presence of the firearm ha[d] the potential of facilitating another felony offense," U.S.S.G. § 2K2.1, cmt. n.14(B).

Thus, any objection by trial counsel to the four-level enhancement under Section 2K2.1(b)(6)(B) based on the lack of confirmatory laboratory reports and/or Petitioner's assertion that the substance did not constitute cocaine base would have failed,

---

[3] The Government argued that Petitioner's "claim that the substance seized was not a controlled substance is rebutted by the fact that the officers verified that [Petitioner] had just sold drugs . . ., and the remainder was concealed between his buttocks." (Docket Entry 57 at 8; see also id. (observing that "[o]ne does not store innocent items between one's buttocks").) Petitioner rejoined that the Government "ignor[ed] . . . the fact that, any medical condition (rash-heat, etc.) are [sic] commonly treated with a mixture of baking soda and flower [sic]" (Docket Entry 58 at 5 (emphasis added)). Notably, Petitioner neither stated that the substance in question actually consisted of "baking soda and flo[ur]," nor contended that he placed the substance in his buttocks to treat a "medical condition." (Id.) Moreover, the fact that officers located the substance in a "plastic bag" (Docket Entry 32, ¶ 6) belies any notion that Petitioner placed the substance between his buttocks to treat a "medical condition."

10

thereby precluding any claim that Petitioner's trial counsel acted ineffectively by opting against that course, <u>see</u> <u>Oken v. Corcoran</u>, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to object [if] . . . it would have been futile for counsel to have done so . . . ."). Accordingly, the Court should deny relief on Ground One.

Ground Two

Via Ground Two, Petitioner has contended that his "direct appeal counsel was ineffective for failing to raise the PSR objections/challenge the lab report." (Docket Entry 53, ¶ 12(Ground Two) (standard capitalization applied).) In particular, Petitioner asserted that his appellate counsel provided deficient performance by "failing to file a [sic] objection to [Petitioner's] four levels that were added pursuant to USSG 2K2.1(b)(6)(B) in the PSR," by "failing to object the [sic] USSG 2K2.1(b)(6) and challenge the 25 grams [of] "alleged" cocaine base," and by "failing to articulate the same objection to [Petitioner]'s sentencing." (Docket Entry 54 at 11.) According to Petitioner, "[h]ad [appellate] counsel presented th[os]e issues . . ., there is a reasonability [sic] that the Fourth Circuit would have remanded for resetencing [sic]." (<u>Id.</u> at 12; <u>see also</u> Docket Entry 58 at 7.) However, because (as shown in the preceding discussion of Ground One) no basis existed for Petitioner to contest the application of the four-level enhancement to

11

Petitioner's base offense level under Section 2K2.1(b)(6)(B), his appellate counsel did not render ineffective assistance by opting against pursuing such matters with the Fourth Circuit. See Oken, 220 F.3d at 269 ("[C]ounsel [i]s not constitutionally ineffective in failing to [act if] . . . it would have been futile for counsel to have done so . . . ."); see also Carter v. Lee, No. 99-10, 202 F.3d 257 (table), 1999 WL 1267353, at *11 (4th Cir. Dec. 29, 1999) (unpublished) ("Appellate counsel [is] not ineffective for failing to raise [an issue] on appeal [that] is plainly without merit.").

### Grounds Three and Four

Petitioner next has argued, in Ground Three of the Amended Section 2255 Motion, that he "is constructively innocent of violating 18 USC § 922(g)(1) because the Gov[ernmen]t has failed to meet all of its elements burden." (Docket Entry 59 at 3 (standard capitalization applied).) More specifically, Petitioner asserted that, "[i]n accordance with the holding in Rehaif[ ,] the Government has failed to prove that [ P]etitioner knew [he] was among the relevant class of persons barred from possessing a firearm and therefore 'knowingly' committing an unlawful act." (Id.) Petitioner further pointed out that "[d]ue process requires the prosecution to prove every element of a criminal offense beyond a reasonable doubt" (id. at 4 (citing In re Winship, 397 U.S. 358, 364 (1970)), and then reasoned that, because the Government did not prove Petitioner's knowledge of his status as a person prohibited

12

from possessing a firearm under Section 922(g), "[P]etitioner is factually innocent of violation [Section] 922(g)(1)" (id. at 8). The Amended Section 2255 Motion's Ground Four, in turn, maintains that, because Petitioner's "guilty plea [wa]s predicated upon the error(s) referred to in Ground [Three]," his "guilty plea is invalid and must be withdrawn." (Id. (standard capitalization applied).) In that regard, Petitioner noted that he "pled guilty to one count of [Section] 922(g)[] pursuant to an [I]ndictment, [P]lea [A]greement, and plea colloquy that did not alleged [sic] an essential element of the offense, namely [his] knowledge that [he] belonged to a category prohibiting [him] from possessing a firearm." (Id. at 10 (citing Docket Entry 43 at 14).)

Petitioner's statute of conviction provides that "[i]t shall be unlawful for any person[ ] who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition," 18 U.S.C. § 922(g)(1), and the related penalty provision states that an individual who "knowingly violates [Section 922(g)] shall be fined . . ., imprisoned not more than 10 years, or both," 18 U.S.C. § 924(a)(2) (emphasis added). The United States Supreme Court in Rehaif interpreted the word "knowingly" in Section 924(a)(2) to mean that, "in a prosecution under [Sections] 922(g) and [] 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he

13

<u>knew</u> he belonged to the relevant category of persons barred from possessing a firearm." <u>Rehaif</u>, ___ U.S. at ___, 139 S. Ct. at 2200 (emphasis added).

Here, Count 1 of the Indictment did not charge Petitioner with knowledge of his status as a convicted felon as (now) required by <u>Rehaif</u>:

> On or about July 18, 2013, in the County of Rowan, in the Middle District of North Carolina, [Petitioner], <u>having been convicted</u> of a crime punishable by imprisonment for a term exceeding one year, <u>knowingly</u> did possess in commerce and affecting commerce a firearm . . . in violation of . . . Sections 922(g)(1) and 924(a)(2).

(Docket Entry 1 at 1 (emphasis added).)  Similarly, Petitioner's plea colloquy did not identify knowledge of his prior felony conviction as an element of an offense under Section 922(g):

> So at this time I want to review with you the elements of the offense to which you are intending to offer a plea.
>
> The [G]overnment charges and would be required to prove that you <u>have been convicted</u> in a court of a crime punishable by imprisonment for a term that exceeds one year; that on or about July 8 [sic], 2013, in Rowan County, you <u>knowingly</u> possessed a firearm . . . and that the possession was in or affecting commerce.

(Docket Entry 43 at 14 (emphasis added).)  The Government's Response acknowledges that Petitioner "correctly refer[red] to <u>Rehaif</u>'s requirement that a defendant have knowledge of his prohibited status to be found guilty of a [Section] 922(g) violation" (Docket Entry 60 at 4), but argues that, "since Petitioner did not attack the voluntariness of the guilty plea in

14

the district court or on appeal, he has procedurally defaulted on [Grounds Three and Four]" (id. at 2).

Where a petitioner (as here) fails to challenge his plea on direct appeal, the doctrine of procedural default will bar a collateral attack on that plea. See Bousley v. United States, 523 U.S. 614, 622 (1998) (holding that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); see also Reed v. Farley, 512 U.S. 339, 354 (1994) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting Sunal v. Large, 332 U.S. 174, 178 (1947))); United States v. Timmreck, 441 U.S. 780, 784 (1979) (observing that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas"). "A procedural default, however, may be excused in two circumstances: where a person attacking his conviction can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom." United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012) (quoting Bousley, 523 U.S. at 622); see also Massaro v. United States, 538 U.S. 500, 504 (2003). "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492 (1986).

15

As to cause to excuse his procedural default, Petitioner has contended that "[p]rior case precedent . . . indicates that the Gov[ernmen]t need only prove the defendant's status as a convicted felon and knowing possession of the firearm[ and that] Petitioner and the Government were under such assumption during the proceedings in this case."  (Docket Entry 59 at 6.)  Petitioner thus argued that "an objection to the word 'knowingly' as applying to both [his] conduct and to [his] status would have been futile."  (Id.)

Petitioner's reliance on the alleged futility of raising the substance of Grounds Three and Four on direct appeal as cause to excuse his default falls short.  "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim," Reed v. Ross, 468 U.S. 1, 16 (1984) (emphasis added); however, "[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as a cause for a procedural default." Engle v. Isaac, 456 U.S. 107, 133–34 (1982) (emphasis added) (footnote omitted).  In Bousley, the United States Supreme Court further explained the meaning of the phrase "reasonably available" and the concept of "futility":

16

> [The p]etitioner argues that the legal basis for his claim was not reasonably available to counsel at the time his plea was entered. This argument is without merit. While we have held that a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default, Reed[], 468 U.S. [at] 16[], [the] petitioner's claim does not qualify as such. The argument that it was error for the [d]istrict [c]ourt to misinform petitioner as to the statutory elements of § 924(c)(1) was most surely not a novel one. See Henderson[ v. Morgan], 426 U.S.[ 637,] 645-[]46[ (1976)]. Indeed, at the time of [the] petitioner's plea, the Federal Reporters were replete with cases involving challenges to the notion that "use" is synonymous with mere "possession." See, e.g., United States v. Cooper, 942 F.2d 1200, 1206 ([7th Cir.] 1991). [The p]etitioner also contends that his default should be excused because . . . "any attempt to attack [his] guilty plea would have been futile." This argument, too, is unavailing. As we clearly stated in Engle[], "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Id.[] at 130[] n.35. Therefore, [the] petitioner is unable to establish cause for his default.

Bousley, 523 U.S. at 622-23 (emphasis added) (certain quotation marks, some internal citations, and footnote omitted).

Another district court recently relied on Bousley in determining that a petitioner's Rehaif-based "knowledge of status" argument did not qualify as "novel" and therefore did not establish cause to excuse his default:

> [The petitioner]'s claim is virtually identical to Bousley, in that numerous courts have opined on the "knowledge of status" argument [the petitioner] asserts here prior to Rehaif. See, e.g., [United States] v. Oliver, 683 F.2d 224, 229 (7th Cir. 1982); [United States] v. Pruner, 606 F.2d 871, 873-[]74 (9th Cir. 1979); [United States] v. Williams, 588 F.2d 92, 92-93 (4th Cir. 1978) (per curiam); [United States] v. Goodie, 524 F.2d 515, 518 (5th Cir. 1975); [United States] v.

17

<u>Wiley</u>, 478 F.2d 415, 418 (8th Cir. 1973). In fact, "knowledge of status" arguments have been a consistent feature of statutory interpretation cases since at least the 1950's. <u>See</u> <u>Morissette v. [United States]</u>, 342 U.S. 246, 250-51[] (1952). In other words, [the petitioner]'s claim is hardly novel, either generally or in its particular application to the statute under which he was convicted. Thus, [the petitioner]'s claim does not overcome procedural default based upon cause and prejudice, because he cannot show that his knowledge of status argument is sufficiently novel.

<u>Gray v. United States</u>, No. 3:19C607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020) (unpublished); <u>see also</u> <u>United States v. Mayo</u>, No. 4:12CR32-3, 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) (unpublished) (citing <u>Gray</u> and holding that the "[p]etitioner's [<u>Rehaif</u>] claim d[id] not qualify as novel" and thus that the "[p]etitioner ha[d] failed to show 'cause' sufficient to excuse his procedural default").

The Fourth Circuit's recent decision in <u>United States v. Gary</u>, 954 F.3d 194 (4th Cir. 2020), should not change the Court's cause analysis. In that case, the Fourth Circuit held that the district court's acceptance of the defendant's guilty plea without first informing him of the Government's burden to prove that the defendant knew that he belonged to a class of persons barred from possessing a firearm constituted "structural" error, <u>Gary</u>, 954 F.3d at 205-07, and vacated the defendant's guilty plea and convictions, <u>id.</u> at 208. Because the <u>Gary</u> Court ruled on direct appeal, it did not consider whether a <u>Rehaif</u> error would satisfy either the cause

or the prejudice showing required to excuse a procedural default. See id. at 198-208.

Moreover, although some courts have suggested that a defaulted claim raising a structural error obviates the need to demonstrate prejudice to excuse a procedural default, see, e.g., United States v. Withers, 638 F.3d 1055, 1066 (9th Cir. 2011) (finding that, "because [the petitioner]'s underlying non-frivolous public trial claim alleges structural error, he can also likely establish prejudice sufficient to overcome procedural default"), courts repeatedly have found that a structural error claim does not supplant the requirement to show cause:

> [T]he seriousness of an alleged constitutional error does not alter the rules governing procedural default. As the Supreme Court has recognized in the context of § 2254, "[w]hile the nature of a constitutional claim may affect the calculation of cause and actual prejudice, it does not alter the need to make that threshold showing. . . . [A]ny prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." Engle[], 456 U.S. [at] 129[ ]. Thus, a defendant cannot excuse his procedural mistakes simply because his substantive claims turn on structural — rather than trial — errors. See Hollis v. Davis, 941 F.2d 1471, 1476-83 (11th Cir. 1991) (applying, in a § 2254 proceeding, the "cause and prejudice" test to claims based on structural errors . . .); Jones v. Henderson, 809 F.2d 946, 950 (2d Cir. 1987) (applying, in a § 2254 proceeding, the "cause and prejudice" test to a claim based on a structural error . . .); see also United States v. Kleinbart, 27 F.3d 586, 590-91 (D.C. Cir. 1994) (applying, in a § 2255 proceeding, the "cause and prejudice" test to a defect claimed by the defendant to be a structural error . . .). As a result, even if we assume that the [petitioner's contentions amount to] structural errors, [the petitioner]'s failure to raise

19

those issues at trial and on appeal would still preclude
relief under § 2255.

United States v. Anderson, No. 91CR692-1, 1997 WL 370254, at *6
(N.D. Ill. June 30, 1997) (unpublished); see also Ward v. Hinsley,
377 F.3d 719, 725–26 (7th Cir. 2004) (rejecting argument that
"right to a structurally sound trial is one that is not subject to
waiver and therefore cannot be subject to procedural default");
Beazley v. Johnson, 242 F.3d 248, 269–70 (5th Cir. 2001) (rebuffing
contention that "claim is not subject to procedural default because
it is a structural error" (emphasis in original)); Sodipo v. United
States, No. 06-0444, 2016 WL 6803765, at *9 (D. Md. Nov. 17, 2016)
(unpublished) (holding that "claim that judicial bias caused
structural error [] satisfie[d] the prejudice requirement for
procedural default," but not "the cause requirement"). Indeed, a
neighboring court expressly has observed that, notwithstanding
Gary's "holding that it is plain error to accept a guilty plea
'based on a pre-Rehaif understanding of the elements of a
§ 922(g)(1) offense,'" Mayo, 2020 WL 2476167, at *3 (quoting Gary,
954 F.3d at 202), the petitioner's "claim, however appealing it
m[ight] be, ha[d] been defaulted," id.

Lastly, Petitioner has not established his actual innocence of
the Section 922(g)(1) offense as a basis to excuse his default.
The United States Supreme Court has recognized that a showing of
actual innocence may permit a federal court to evaluate the merits

20

of a constitutional claim even though a procedural default otherwise would preclude review, see Schlup v. Delo, 513 U.S. 298, 315, 319-22 (1995); however, the Supreme Court also has described showings of actual innocence as "rare," and has required a petitioner to demonstrate that no reasonable juror could vote to find the petitioner guilty beyond a reasonable doubt, McQuiggin v. Perkins, 569 U.S. 383, 392 (2013); see also United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014) (noting that "substantial claim[s] of actual innocence are extremely rare" (quoting Schlup, 513 U.S. at 321)). Furthermore, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623, and thus the Court can consider "any admissible evidence of [P]etitioner's guilt even if that evidence was not presented during [P]etitioner's plea colloquy," id. at 624. Moreover, the Supreme Court in Rehaif stated that the requirement to prove a defendant's knowledge of his status as a prohibited person under Section 922(g) "'c[ould] be inferred from circumstantial evidence.'" Rehaif, ___ U.S. at ___, 139 S. Ct. at 2198 (quoting Staples v. United States, 511 U.S. 600, 615 n.11 (1991)).

In the instant case, as the Government has argued, "the Court will find [] circumstantial evidence" of Petitioner's knowledge of his status as a prohibited person "readily available." (Docket Entry 60 at 5.) The Factual Basis for Petitioner's guilty plea

21

recited that Petitioner "ha[d] several prior felony convictions, including robbery and possession with intent to distribute cocaine, both of which resulted in terms of imprisonment exceeding one year," that "[t]hose convictions ha[d] not been expunged," and that Petitioner had not "had his right to possess a firearm restored." (Docket Entry 19 at 3 (emphasis added).) At the plea colloquy, Petitioner agreed that he had read the Factual Basis and had no objection. (See Docket Entry 43 at 15-16.) Even more significantly, the PSR reflected that Petitioner had incurred two prior state court convictions for possession of a firearm by a felon. (See Docket Entry 32, ¶¶ 26-27.) Under such circumstances, the Court should conclude that, at the time of the underlying offense, Petitioner knew his status as a felon and therefore cannot show actual innocence. See Gray, 2020 WL 127646, at *3 (rejecting the petitioner's actual innocence argument as basis to excuse defaulted Rehaif claim, where, inter alia, "plea agreement explicitly mentioned he was previously convicted of a crime that carried a sentence of six years").

In sum, Grounds Three and Four fail as a matter of law based a procedural bar.

22

<u>CONCLUSION</u>

Petitioner has established no basis for collateral relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Section 2255 Motion (Docket Entry 53) and Amended Section 2255 Motion (Docket Entry 59) be denied without a certificate of appealability.

<u>/s/ L. Patrick Auld</u>
**L. Patrick Auld**
**United States Magistrate Judge**

September 4, 2020

23